IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jerry Randleman, et al.,                                        Case No. 3:06CV7049

       Plaintiffs,

       v.                                                            ORDER

Fidelity National Title Insurance Company,

       Defendant.

On June 18, 2008, Fidelity National Title Insurance Company [Fidelity] wrote a letter informing me of a discovery dispute concerning plaintiffs' request for production of documents. The parties, failing to resolve the issue on their own, have requested my intervention. Each party has submitted statements of their discovery positions, which I have reviewed.

For the reasons that follow, plaintiffs' request for production of documents shall be denied.

**Background**

Plaintiffs have asked Fidelity to produce all drafts of the agent, broker and lender affidavits submitted by Fidelity in support of its brief in opposition to plaintiffs' motion for class certification. Plaintiffs have also requested Fidelity produce counsel correspondence between defendant and agents, brokers and lenders pertaining to the affidavits. These requests are made in connection with planned depositions of some of the agents, brokers and lenders, none of whom is a Fidelity employee.

According to plaintiffs, this information is important because it may have an impact on their

ability to test the credibility of the agents, brokers and lenders from whom Fidelity obtained affidavits. Plaintiffs refer to the recent deposition of a title insurance agent who had provided an affidavit in a comparable Northern District of Ohio title insurance case. In his deposition, the agent acknowledged that a portion of his affidavit, in which he explained his company's practice, was inaccurate.

Plaintiffs speculate affiants in this case may no longer endorse statements in their affidavits. They claim information regarding the evolution of the affidavits is necessary to elicit critical evidence in this case. Plaintiffs argue information regarding the evolution of an affidavit does not constitute work product, or, in the alternative, it is nonetheless discoverable under Fed. R. Civ. P. 26(b)(3) because plaintiffs have a "substantial need of the materials." They also suggest that the draft affidavits and counsel communications with agents, brokers and lenders should be treated in the same manner as draft affidavits and materials pertaining to expert reports.

Fidelity raised attorney-client privilege and attorney work product doctrine objections to plaintiffs' request for production of documents.

At my request, Fidelity submitted copies of the draft affidavits prepared by counsel and related counsel communications under seal for *in camera* inspection.

## Discussion

### 1. The Attorney-Client Privilege

Fidelity contends that its communications with the affiant agents, brokers and lenders are protected by the attorney-client privilege, and are, therefore, not discoverable. "The attorney-client privilege protects from disclosure 'confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client.'" *In re Grand Jury Subpoena*

*(United States v. Doe)*, 886 F.2d 135, 137 (6th Cir. 1989) (quoting *In re Grand Jury Investigation*, 723 F.2d 447, 451 (6th Cir. 1983)). The burden of establishing the attorney-client privilege rests with the party asserting it. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). The attorney-client privilege can be waived by disclosure of otherwise private communications to third parties. *See In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996).

In this action, defendant carries the burden of establishing that the communications are protected by the attorney-client privilege and that it has not waived the privilege. Even assuming privilege in the first instance, defendant waived the privilege because the counsel's advice and documents were discussed with agents, brokers and lenders--third parties to the suit. Defendant does not challenge this argument; accordingly, the requested communications are not protected by the attorney-client privilege.

## 2. The Attorney Work Product Doctrine

### A. Governing Law

Although questions of evidentiary privilege arising in the context of a state law claim are governed by state law, Fed. R. Evid. 501, the work product doctrine, Fed. R. Civ. P. 26(b)(3), is not an evidentiary privilege. Consequently, the scope of the work product doctrine is "unquestionably a matter of federal procedural law even in a diversity action." *Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 2007 WL 1500899, at *3 (S.D. Ohio) (citing *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006). *See also Zigler v. Allstate Ins. Co.*, 2007 WL 1087607, at *2-4 (N.D. Ohio) (applying the *Boone* exception to documents withheld under the attorney-client privilege and federal law to those withheld under the work product doctrine).

The work product doctrine protects the adversarial trial process and is designed to prevent

3

a potential adversary from gaining an unfair advantage. It reflects a strong public policy "against invading the privacy of an attorney's course of preparation." *Hickman v. Taylor*, 329 U.S. 495, 512 (1947).

Federal Rule of Civil Procedure 26(b)(3) codifies the doctrine and provides a party may "discover documents and tangible things that are prepared in anticipation of litigation or for trial" only if 1) such material is otherwise discoverable under the rule or 2) a party shows a substantial need for the material and cannot, without undue hardship, obtain equivalent material by other means. Fed. R. Civ. P. 26(b)(3)(A)(i), (ii). In addition, the rule provides for protection against disclosure. It flatly states that the court is not to permit discovery of the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

The burden of establishing the existence of the work product privilege rests with the party asserting it. *Shields v. Unum Provident Corp.* 2007 WL 764298, at *6 (S.D. Ohio).

### B. Privileged Attorney Work Product

The Southern District of Ohio, in *Tuttle v. Tyco Electronics Installation Services, Inc.*, 2007 WL 4561530, at *2 (S.D. Ohio) (Frost, J.), unambiguously stated that the work product doctrine protects information about the evolution of an affidavit from disclosure:

> the work product doctrine does protect information relevant to the evolution of an affidavit, including but not limited to communications with the counsel relating to the affidavit, prior drafts of the affidavit, and any notes made by counsel while engaging in the process of drafting the affidavit. *See Infosystems*[*, Inc. v. Ceridian Corp.*], 197 F.R.D. [303] at 307, n.4 [(E.D. Mich. 2000)] . . . .

I am inclined to agree with this decision.

Plaintiffs argue that *Tuttle*'s reliance on *Infosystems, Ind. v. Ceridian Corp.*, 197 F.R.D. 303

4

(E.D. Mich. 2000), is misplaced because in *Infosystems* the court stated "facts set forth in the affidavits are not protected;" an affidavit "purports to be a statement of facts within the personal knowledge of the *witness*, and not an expression of the opinion of counsel;" and "one court has noted the risk of treating draft affidavits as protected work product." *Id*. at 306-07 (emphasis in original).

In *Infosystems* the court acknowledged that, at the time of the decision, there was "little precedent squarely on point." *Id.* at 307. It did, nonetheless, find the reasoning of *Milwaukee Concrete Studios, Ltd. v. Greeley Ornamental Concrete Products, Inc.*, 140 F.R.D. 373, 378-79 (E.D. Wis. 1991), persuasive. *Id.* That case does not, however, substantively address the issue of draft affidavits or counsel communication, and lacks legal analysis regarding these types of documents. Further, *Milwaukee Concrete Studios* allows for the production of the draft affidavits after the affiants were later deposed and unable to recall earlier factual statements previously made. This inability to recall earlier statements, and the subsequent unavailability of the factual information, is not, at present at least, an issue in this case.

Although not controlling, recent cases have addressed this issue, and the trend is to consider draft affidavits and communications with counsel relating to affidavits as covered by the attorney work product doctrine. *See, e.g., Tuttle*, *supra*, 2007 WL 4561530, at *2; *Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 155 (S.D.N.Y. 2007) (creating of affidavit subject to the "attorney work product privilege"); *Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603, 608-09 (D. Nev. 2005) (draft affidavits protected by the work product doctrine).

I find the reasoning of these courts persuasive and find that the draft affidavits and counsel correspondence are protected materials.

## C. Filing of Final Version Does Not Constitute Waiver

The protection of the work product doctrine is not absolute, and it may be waived. *See United States v. Nobles*, 422 U.S. 225, 239 (1975).

Plaintiffs assert defendant waived the work product privilege by filing final versions of the affidavits to the court. They rely on *Infosystems* for their argument. In that case, the defendant had not produced the final affidavit it obtained from a non-party witness. The *Infosystems* court was concerned that the plaintiff would be unable to "test the perception and credibility" of the witness at his deposition unless the final affidavit was produced. *Infosystems*, *supra*, 197 F.R.D. at 307. The court ordered the defendant to produce the final affidavit along with drafts and written communications between counsel and the witness pertaining to the evolution of the affidavit. There, the court focused on the final affidavit; it did not provide legal analysis regarding the draft affidavits or counsel communication, but simply included them in the materials to be produced.

In *Infosystems* the court did not hold that the filing of a final affidavit waives the work product privilege as to draft affidavits or counsel communications. Rather, it held that if the defendant ultimately chose to make evidentiary use of a final affidavit which had not been produced to the plaintiff, the defendant would waive any work product claim as to that affidavit. In this case, plaintiffs have the final affidavits signed by the third-party witnesses and their need for the preliminary versions is less apparent.

This case differs from *Infosystems* in a significant way; Fidelity's filing of the affidavits with the court did not waive the work product doctrine's protection of earlier material.

**D. No Substantial Need or Undue Hardship**

**D. No Substantial Need or Undue Hardship**

Rule 26(b)(3) also provides that a court may order production if the requesting party shows a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiffs claim that they have demonstrated a substantial need for the materials. According to them, they have no way of cross-examining the witnesses regarding the preparation of the affidavits to test their credibility and perception. They also state that the information to be obtained from the defendant's draft materials is not otherwise available.

### i. Plaintiffs Have the Ability to Inquire in Depositions

Plaintiffs can test the credibility of witnesses through depositions, and they are free to depose some or all of the affiants. Although deposition inquiries about the role of counsel and communications with counsel may be restricted,[1] plaintiffs' counsel can ask questions to determine the extent to which an affiant endorses or qualifies the statements in the affidavit. Effective

---

[1]

The recent case *United States v. University Hospital, Inc.*, 2007 WL 1665748 (S.D. Ohio), addresses this issue:

> The undersigned is not aware of any case in which a court has permitted opposing counsel to question a witness about any role that counsel may have had in the evolution of an affidavit, about any communications with counsel relating to an affidavit, or about prior undisclosed drafts of an affidavit. Instead, courts have routinely rejected such inquiries as violative of the attorney client privilege. *See, e.g., Ideal Electric Company v. Flowerserve Corp.*, 230 F.R.D. 603 (D. Nev. 2005), *Renner v. Chase Manhattan Bank*, 2001 [WL 1356192] (S.D.N.Y. 2001) (unreported) . . . .[FN1]
>
> FN1. The work product doctrine also makes such information immune from discovery. *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947); *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 474 (6th Cir. 2006).

examination can uncover the extent to which someone other than the affiant "framed" the statements in the affidavit, even if the attorney conducting the examination has not seen the prior versions.

The affiants swore to the final affidavits, not the preliminary drafts. What matters now is whether the affiants in fact adopt and endorse the statements in the final affidavits. Moreover, if the drafts initially said something an affiant removed, that hardly undercuts either the reliability of the final statements or the affiant's credibility.

Further, to the extent that statements previously recorded in draft affidavits are not recollected by the affiant, depositions are the appropriate way to determine whether the affiant can recall his or her prior sworn statements. If, as in *Milwaukee Concrete Studios*, an affiant is unable to recall factual statements, production of the draft affidavits might be appropriate. However, without a showing that the affiants are unable to recall prior statements, the defendant need not produce the draft affidavits and related communications.[2]

### E. Protection Against Disclosure

Moreover, the level of protection provided by the work product doctrine differs according to the type of material at issue. "Ordinary fact" or "unprivileged fact" work product, e.g., raw factual information, receives a limited level of protection. *See In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986); *Cobble v. Value City Furniture*, 2008 WL 114937, at *2 (W.D. Ky.). In contrast, "opinion" work product includes "mental impressions, conclusions, opinions, or legal theories of a party's attorney." Fed. R. Civ. P. 26(b)(3)(B); *see also In re Antitrust Grand Jury*, *supra*, 805 F.2d at 163. Opinion work product receives near absolute protection and "can be discovered only in very

---

[2] Nothing from my review of the materials submitted *in camera* would justify a different result.

rare and extraordinary circumstances." *See In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977); *see also Cobble*, *supra*, 2008 WL 114937, at *2.

Fidelity argues that the draft affidavits (because penned by attorneys) and counsel correspondence about the draft affidavits are opinion work product. I agree with the proposition that disclosure of the drafts could reveal the attorneys' thought processes about the case. Whatever an attorney writes at the outset will reflect his approach to whatever issues that affidavit is to speak to. Such disclosure could be particularly revealing, and thus deleterious, where the affiant rejects various aspects of drafts, as plaintiffs claim may have happened here.

Based on the above, I conclude that the information sought by plaintiffs constitutes work product and is not discoverable.

### 3. Comparison to Expert Reports

In their July 10 letter, plaintiffs analogize the draft affidavits and counsel communications with third-party witnesses to similar materials pertaining to expert reports.

I agree with defendant that this analogy is misplaced. Experts, rather than counsel, prepare expert reports. Once an expert report is submitted, the drafts are properly included in an expert's work papers and become discoverable. The draft affidavits in this case, however, were prepared by counsel. They developed through witness and counsel discussions, reflect defense strategy, and reveal mental impressions, judgments and thought processes of defense counsel. They are a different type of work product, and are afforded strong protection. There is sufficient reason to treat these materials differently that those prepared by an expert.

### Conclusion

For the foregoing reasons, it is hereby

10

ORDERED THAT the plaintiffs' request for production of draft affidavits prepared by defense counsel for submission to third party witness-affiants be, and the same hereby is denied.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge